IN THE
UNITED STATES DISTRICT COURT
for the
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, GREENVILLE, SC

2005 JUN 21  P 3: 25

Frank E. Hoffmann,
    Plaintiff,

v.

Cindy Tuten, Phlebotomist,
Bernardo Parina, M.D., Chief Physician,
    and
___. Bush, Medical Administrator,
    Federal Correctional Institution, Estill,
    South Carolina,
    in their individual and official capacities,
       Defendants.

COMPLAINT
(*Bivens* Action)
Civil Action No. 9-05-1773-PMD-GCK

Jury Trial Demanded

COMES NOW the Plaintiff, Frank B. Hoffmann, who complains of the within-named Defendants, under authority of 28 USC 1331 and 28 USC 1343, and under *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), in the following particulars, to wit:

## BACKGROUND FACTS

That, during the period of his incarceration at Federal Correctional Institution, Estill, South Carolina (FCI Estill), and particularly on or after July 3, 2002, he was diagnosed with the potentially-lethal disease known as Hepatitis C by the medical clinic at

$250.00
SCX60000 2361

FCI Estill, based upon documented medical reports from the laboratory or laboratories who examined the Plaintiff's fluid samples, which were collected and submitted by this medical clinic.

That it is impossible for the Plaintiff to have contracted this Hepatitis C, except for the deliberate indifference or negligence of Defendant Cindy Tuten, the phlebotomist who periodically drew blood from the Plaintiff while he was incarcerated at FCI Estill.

That the Plaintiff took note that Defendant Cindy Tuten drew blood from him with syringes that had already been unpackaged before he arrived in the room at the medical clinic at FCI Estill in which blood was drawn, and that he insisted that Defendant Cindy Tuten draw blood from him with "clean" syringes which were unpackaged in his presence, but that she refused, threatening the Plaintiff with severe punishment if he did not submit to her use of syringes which were unpackaged out of his presence.

That the Plaintiff contends that he contracted Hepatitis C due to the use upon his body of a syringe or syringes which had previously been used upon the body or bodies of other inmates at FCI Estill.

That, after he had been diagnosed with Hepatitis C, that the Defendants failed to treat him with medication to alleviate the advance

of this disease within his body.

That he has been twice tested for Hepatitis C since departing FCI Estill, by independent laboratories, and found to be positive for this potentially-lethal disease.

That he suffers from physical symptoms of Hepatitis C in addition to the emotional distress and suffering of knowing that he is burdened with a disease which was unnecessarily inflicted upon him by Defendant Cindy Tuten, and which Defendants Bernardo Parina, M.D. and ___. Bush did nothing to alleviate.

## CLAIMS

That the Defendants, or each of them individually, did violate his rights under the Eighth Amendment to the Constitution of the United States by their deliberate indifference to his physical and his mental well-being, by first inflicting upon him Hepatitis C, and then by deliberately refusing to treat him for the same.

That this Court may also hear the Plaintiff's supplemental State-Law Claim of negligence under authority of 28 USC 1367, the Defendants, or each of them, having been negligent in the transmission of Hepatitis C to the Plaintiff, or in failing to treat him for the same after they knew that he was positive for this potentially-fatal disease.

That the Plaintiff's Claims will be more fully articulated in further pleadings in this case.

## RELIEF REQUESTED

That the Plaintiff demands injunctive relief, to the effect that no one at the medical clinic at FCI Estill be permitted to extract blood from any inmate in the future, without unpackaging in the presence of such an inmate, the syringe to be employed for this purpose.

That each Defendant in this case be required to compensate the Plaintiff for his physical harm, in an amount of $250,000.00 each.

That each Defendant in this case be required to compensate the Plaintiff for his emotional harm, in an amount of $250,000.00 each.

That each Defendant in this case be assessed punitive damages in an amount to be determined by the Court.

That the Court award such other damages to the Plaintiff as it may deem fit and proper.

ALL OF WHICH IS RESPECTFULLY SUBMITTED.

June 20, 2005                   *Frank Edmund Hoffmann*

Frank Edmund Hoffmann, *pro se.*
1975 Wheeler Road
Juno, FL 33408

Certificate of Service to be submitted when Service of Process is accomplished.