IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Frank E. Hoffman, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | Civil Action No: 9:05-1773-PMD-GCK | |
| ) | | |
| Cindy Tuten, Bernardo Parina, M.D. and ) | **ORDER** | |
| NFN Bush, ) | | |
|     Defendants. ) | | |
| _____) | | |

On June 21, 2005, *pro se* litigant Frank E. Hoffman ("Plaintiff" or "Hoffman") brought an action against employees of the Bureau of Prisons, Defendants Cindy Tuten, Bernardo Parina, M.D. and Jackie Reed-Bush, alleging violations of his rights under the Eighth Amendment. This matter is before the court upon Magistrate Judge George C. Kosko's recommendation that this court grant Defendants' motion to dismiss. The court received the Magistrate Judge's Report and Recommendation ("R&R") on May 31, 2006. A party may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Hoffman's objections to the R&R, postmarked June 26, 2006, were filed with this court on June 30, 2006. Although these objections are untimely, given the more lenient standards applicable to *pro se* litigants, the court considers the objections on their merits.

## I. BACKGROUND

Frank E. Hoffman is a resident of Palm Beach County, Florida, and a former federal prisoner. Hoffman filed his action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), which allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is analogous to a claim under 42 U.S.C. § 1983, except the action is brought against a federal employee rather than an employee acting under the

color of state law. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

Plaintiff Hoffman was incarcerated at Federal Correctional Institute in Estill, South Carolina, ("FCI Estill") from June 13, 2001, through June 25, 2003. During his incarceration at FCI Estill, Plaintiff was diagnosed with Hepatitis C. Plaintiff claims that he contracted Hepatitis C due to the deliberate indifference to his well-being and negligence of Defendant Cindy Tuten, a Medical Technician employed by FCI Estill. Plaintiff alleges that Tuten drew blood with a syringe that was unpackaged before he arrived in the room despite Plaintiff's insistence that she use a clean syringe unpackaged in his presence. Plaintiff asserts that the use of this unsanitary syringe is the only possible way he could have contracted Hepatitis C.

Plaintiff next contends that former Clinical Director Bernardo Parina[1] and Health Information Supervisor Jacquelyn Reed-Bush, doctors employed by FCI Estill, were deliberately indifferent to his well-being by failing to provide him with medication to treat his disease. Plaintiff seeks damages for injury caused by his continued physical symptoms of Hepatitis C and for the emotional distress of knowing the disease was unnecessarily inflicted upon him by Defendant Tuten. Plaintiff alleges that the Defendants individually and collectively violated his Eighth Amendment rights by their deliberate indifference to his physical and mental well-being by "inflicting upon him Hepatitus C, and then by deliberately refusing to treat him for the same." (Complaint at 3.) Plaintiff requests a jury trial, and seeks compensation in the amount of $500,000 from each Defendant to compensate him for his physical and mental harm, as well as punitive damages.

---

[1] Dr. Bernardo Parina has retired from the Bureau of Prisons and has not been served in this matter.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on June 21, 2005. The court issued an Order authorizing service of process on July 18, 2005, requiring that service be made on or before October 21, 2005. Because no Defendants had been served by that deadline, on October 27, 2005 the Magistrate Judge issued an Order allowing Plaintiff an additional ten days to properly serve Defendants. The court received no evidence that Defendants had been properly served by the deadline. Accordingly, on November 9, 2005 the Magistrate Judge filed an R&R recommending that the action be dismissed for lack of prosecution.

Plaintiff objected to the R&R on November 18, 2005, noting that he had not received the Order detailing the October 27, 2005 deadline for service. Hurricane Wilma was presumed to be the reason that Plaintiff failed to receive the Court's Order. Attached to Plaintiff's objections were proofs of service indicating that Dr. Bush and Ms. Tuten had been served on October 14, 2005, within the 120 days required under Federal Rule of Civil Procedure 4(m). Plaintiff requested additional time to serve Dr. Parina.

An answer was filed on behalf of all three named defendants on December 14, 2005. The answer denied all claims asserted by Plaintiff. Furthermore, Defendants primarily argued that the action should be dismissed because the three year statute of limitations had run as of March 18, 2005, while Plaintiff did not file suit until June 21, 2005. Defendants also asserted a defense of qualified immunity. Plaintiff responded to the answer on January 13, 2006, noting that Defendants failed to produce any medical records to substantiate their claim that Plaintiff was diagnosed with Hepatitus C between March 1 and March 18, 2002. Plaintiff further asserted that regardless of when he was diagnosed with Hepatitis C, Defendants provided no evidence to dispute his claim that he

was denied treatment for his disease. Finally, Plaintiff argued that Defendants were not entitled to qualified immunity because Plaintiff enjoyed an established right to adequate medical care.

On January 20, 2006, this court issued an Order granting Plaintiff an extension until February 10, 2006, to serve Dr. Parina. The case was also remanded to Magistrate Judge Kosko for further disposition.

On February 22, 2006, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants attached the affidavit of Roy Lathrop to their Motion. Plaintiff filed a preliminary response on March 23, 2006, and on March 29, 2006, the Magistrate Judge granted Plaintiff a time extension in which to file a substantive response to the Defendant's Motion to Dismiss. Plaintiff filed his substantive response on April 19, 2006. Defendants filed their Reply on April 28, 2006, and attached the affidavit of Dr. Zoltan Vendel, the clinical director at FCI Estill. On May 1, 2006, Plaintiff filed a Motion to add Dr. Zoltan Vendel as a defendant and a Motion for Summary Judgement. Defendants filed a Response opposing both motions.

United States Magistrate Judge George C. Kosko recommended that the Defendants' Motion to Dismiss be granted; Plaintiff's Motion to add a Defendant be deemed moot; and Plaintiff's Motion for Summary Judgement be denied.

### III. STANDARD OF REVIEW

#### A.     Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of

4

the R&R to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C).

After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Therefore, the court adopts the Magistrate Judge's R&R in full and incorporates it by specific reference into this Order.

### B. Legal Standard For Summary Judgment

Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12 (b)(1). Where, as in this case, a motion to dismiss under Rule 12(b)(6) is accompanied by exhibits, affidavits and other material to be considered by the court, the motion shall be construed as motion for summary judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Pro. 12(b).

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

5

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## IV. DISCUSSION

With respect to Defendants' Rule 12(b)(1) motion, the Magistrate Judge recommended that Dr. Parina be dismissed because he was not served within the time required by the Rules and as extended by this court. The Magistrate Judge relied upon Rule 4(m) in making this recommendation.[2] The Magistrate Judge further recommended that Plaintiff's action against the remaining Defendants be dismissed as barred by the applicable statute of limitations. Even if not time barred, the Magistrate Judge found that Plaintiff's action should be dismissed because all Defendants are entitled to qualified immunity.

Plaintiff objects to the Magistrate Judge's recommendations concerning the statute of

---

[2] Federal Rules of Civil Procedure Rule 4(m) states, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

6

limitations and qualified immunity.[3] The court reviews each objection in turn.

### A. Statute of Limitations

The Magistrate Judge found that Plaintiff's claims are barred because he filed his complaint after the applicable statute of limitations had expired. Plaintiff's *Bivens* action claims that Defendants violated his rights under the Eighth Amendment and 8 U.S.C §§ 1331 and 1343. While there is no express period of limitations in the Eighth Amendment or in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a *Bivens* claim. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985); *see also Owens v. Okure,* 488 U.S. 235 (1989) (42 U.S.C. § 1988 requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations."); *Butz v. Economou,* 438 U.S. 478 (1978) (asserting that courts generally apply § 1983 law to *Bivens* cases); *Sanchez v. United States,* 49 F.3d 1329, 1330 (8th Cir.1995) (holding that *Bivens* actions governed by same statute of limitations as § 1983 actions; limitations period for § 1983 actions is same as personal injury actions in state in which claim accrues); *Blanck v. McKeen,* 707 F.2d 817, 819 (4th Cir. 1983) (*per curiam*) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975)); *Cox v. Stanton,* 529 F.2d 47, 49-50 (4th Cir.1975).

The Magistrate Judge found the that the analogous statute of limitations in South Carolina is three years. Specifically, South Carolina Code section 15-3-535 states that "all actions initiated under section 15-3-530(5)[4] must be commenced within three years after the person knew or by the

---

[3] Plaintiff did not object to the recommendation that Dr. Parina be dismissed. Absent specific objection, a district court is not required to review a magistrate judge's factual or legal conclusions; therefore, the court adopts this recommendation without further discussion.

[4] South Carolina Code Section 15-3-530(5) applies to "an action for assault, battery, or any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545." Section 15-3-545 addresses medical malpractice actions,

7

exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. 15-3-535. Although the three-year state statute of limitations applies, the time of accrual of the action is a federal question. *Cox*, 529 F.2d at 50. The statute of limitations begins to run when Plaintiff knows or has reason to know of his injury. *Id.* In this case, Defendants submitted records which proved that Plaintiff tested positive for Hepatitis C on March 1, 2002. While Plaintiff contends that he was not informed of the results on March 1, 2002, Dr. Vendel's treatment notes indicate that he educated Plaintiff about his diagnosis of chronic Hepatitis C during an examination on March 18, 2002. These medical records also confirm that the July 1, 2003, Hepatitis test was merely for confirmation of the March 1, 2002, test, and not the date upon which Plaintiff learned of his diagnosis. Plaintiff provided no evidence other than his own self-serving statement to refute the medical records indicating that he was informed of his diagnosis on March 18, 2002. It is well established that a plaintiff's conclusory statements or self-serving opinions without objective corroboration cannot defeat a defendant's well-supported motion for summary judgment . *See Evans v. Technologies Application & Service Co.,* 80 F.3d 954, 962 (4th Cir.1996). Accordingly, the Magistrate Judge correctly found that there was no genuine issue of material fact as to when Plaintiff was informed of his diagnosis of Hepatitis C.

The Magistrate Judge found that because Plaintiff knew, at the very latest, on March 18, 2002, that he had a cause of action against Defendants, the limitations period began to run on that date, and expired three years later in March of 2005. Because Plaintiff filed his action on June 21, 2005, the Magistrate Judge recommended that it be dismissed as it was filed after the expiration of

---

and specifies that an action for malpractice must be brought within three years of the treatment or three years from the date of discovery of the injury, not to exceed six years from date of original treatment.

the statute of limitations.

Plaintiff objects, stating that "there is no statute of limitations on 1st 2nd or 3rd degree murder or attempted murder/manslaughter" and that therefore the Magistrate Judge erred in finding that his claim is barred.[5] Plaintiff does not object to the Magistrate Judge's finding that he was informed of his diagnosis with Hepatitus C on March 18, 2002.

The court finds Plaintiff's objection to be without merit. Plaintiff brought a civil *Bivens* action subject to the analogous statute of limitations. It is well established that the South Carolina statute of limitations most analogous to this *Bivens* action is the three year statute of limitations governing personal injury actions. The fact that certain criminal acts are not subject to statutes of limitations is irrelevant. In this case, the court agrees that the evidence shows that Plaintiff knew that he had a cause of action against the Defendants on March 18, 2002. The three-year limitations period began running on this date. Plaintiff filed suit on June 21, 2005, three months after the limitations period had expired; therefore, the court agrees with the Magistrate Judge's finding that there is no genuine issue of material fact as to whether the Plaintiff's claim is time barred. Accordingly, the court adopts the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted as Plaintiff's causes of action are time barred.

**B. Qualified Immunity**

The Magistrate Judge found that even if Plaintiff's causes of action had been pleaded in a

---

[5]Plaintiff further states that "by using tainted syringes [Defendants] may have injected aids [sic] into the undersigned which takes up to five (5) years to diagnose. Does this indicate three (3) years statute of limitation applies when Hoffmann dies of aids [sic] five years after being injected with aids [sic]?" The court notes that the time bar applies only to those causes of action that Plaintiff has known of or had reason to know of for more than three years prior to filing. Plaintiff will not be time barred if, in the future, some other injury manifests itself which may reasonably be attributed to the medical treatment Plaintiff received at FCI Estill.

timely fashion, they should be dismissed because Defendants are entitled to qualified immunity.[6] Under the doctrine of qualified immunity, federal employees "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

Here, the Magistrate Judge found that no evidence, other than Plaintiff's own bald accusations, indicated that Defendants violated a clearly established statutory or constitutional right. To the contrary, Plaintiff alleges that his injuries were caused by Defendants' acts of negligence and medical malpractice.[7] Mere negligence or medical malpractice in general is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams,* 474 U.S. 327, 328-336 & n. 3 (1986). Further, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble* 429 U.S. 97,106, (1976). Accordingly, the Magistrate Judge recommended that the court dismiss Plaintiff's cause of action as barred under qualified immunity.

---

[6] The court notes that it need not address this portion of the R&R, as it has already determined that Plaintiff's causes of action are barred under the statute of limitations. However, out of an abundance of caution, the court considers this alternative finding.

[7] The one allegation that could possibly constitute "deliberate indifference" is that Defendant Tuten intentionally used a "dirty" needle while drawing blood from Plaintiff, thus infecting him with Hepatitis C. This allegation, however, is entirely unsupported by the record. Even Plaintiff can only testify that the needle was "unpackaged" when he entered the examination room. He can offer no evidence that the needle was previously used or was in any way unsanitary.

Plaintiff objects to this recommendation by stating that he "refuses the following three statements [of the R&R] for cause":

1. Thus, "even" if Plaintiff could surmount the statute of limitations issue, and "even" if he were able to prove he did not receive adequate medical care for his Hepatitis C, he still could not prevail!
2. "[A]n inadvertant failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain."
3. Third and most disturbing is this sick case cite claims Estell v. Gamble and I quote: "*Neither negligence nor malpractice* constitutes willful or indifference to a prisoner."
These statements are the exact same philosophy established by Adolf Hitler.

Because of his *pro se* status, the court reads Plaintiff's objections as broadly as possible so as to state a viable objection; however, even construed broadly, the court finds that Plaintiff has identified no specific error within the R&R. Plaintiff claims to "refuse" those statements of law with which he disagrees, but he does not assert that the Magistrate Judge incorrectly stated or applied the law. The court therefore finds that Plaintiff fails to state a viable objection to the Magistrate Judge's finding that Defendants are entitled to qualified immunity. In the absence of specific objection to a finding within the R&R, the court need not perform a *de novo* review, but, instead, must only satisfy itself that there is no clear error on the face of the record. 28 U.S.C. § 636(b)(1). The court has reviewed the R&R for error and has found none. Therefore, the court adopts the Magistrate Judge's finding that, even if they were not time barred, Plaintiff's claims must be dismissed because Defendants are entitled to qualified immunity.

## V. CONCLUSION

For the aforementioned reasons, Defendants' **MOTION TO DISMISS** is **GRANTED**; Plaintiff's **MOTION TO ADD DEFENDANT** is **MOOT**; and Plaintiff's **MOTION FOR SUMMARY JUDGMENT** is **DENIED.**

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 9, 2006.**

12